1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT
7
8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   PATRICK MISSUD,                                No. C 15-04693 WHA
11            Plaintiff,
12      v.
13   CITY AND COUNTY OF SAN                         **ORDER DENYING**
     FRANCISCO, *et al.*,                           **RULE 60 MOTION**
14
15            Defendants.
                                        /
16

17        Plaintiff Patrick A. Missud was declared a vexatious litigant in 2012 and is currently

18   subject to pre-filing review. *Missud v. National Rifle Association*, No. 3:13-mc-80263-WHA,

19   2013 U.S. Dist. LEXIS 170498, at *6 (N.D. Cal. Dec. 2, 2013); *Missud v. San Francisco*

20   *Superior Court*, No. 3:12-cv-03117-WHA, 2012 U.S. Dist. LEXIS 137351, at *9–10 (N.D. Cal.

21   Sept. 24, 2012).  In July 2013, Attorney Missud was placed on involuntary inactive status with

22   the State Bar of California, after he was charged with seven counts of professional misconduct.

23   In October 2013, his membership in the bar of this Court was suspended.  *In The Matter of*

24   *Patrick Alexandre Missud — # 219614*, No. 3:13-mc-80182-WHA, Dkt. No. 3 (N.D. Cal.

25   Oct. 2, 2013).

26        Missud commenced this action against numerous governmental entities and officials

27   alleging a conspiracy involving parking tickets, which he describes as "Ferguson-on-$teroid$."

28   This action was related to a previous action and reassigned to the undersigned.  The action was

     dismissed.

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Missud received certain documents in response to a request for public records from the San Francisco Municipal Transportation Agency that prove his claims that the City of San Francisco has engaged in "an 11-year, half-billion-dollar racketeering $cheme" relating to towing services. Missud submitted these documents in connection with his motion for reconsideration of the order dismissing this action. He now seeks relief from the order denying reconsideration under Rule 60(b)(3) because, he argues, the city attorney improperly withheld those documents in response to a discovery request in a separate case.

Missud's motion is baseless. The orders from which he seeks relief considered the evidence that he claims the city attorney improperly withheld. Missud's vexatious motion is plainly designed to waste judicial and government resources. The motion is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated:   December 2, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE